IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
**Richmond Division**

| STEPHEN F. BUZZELL, *et al.*, | ) | |
| --- | --- | --- |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Civil Action No. 3:09CV795–HEH |
| | ) | |
| JOHN B. WALLINS, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

<u>**MEMORANDUM OPINION**</u>
**(Denying Motion for Reconsideration; Granting United States'
Motion to Dismiss; Denying Motion for Relief from Judgment)**

This is a dispute over a parcel of real property redeemed by the Internal Revenue Service (IRS) and sold at auction. The case is presently before the Court on two motions. The first is a motion for reconsideration of the Court's previous Order dismissing the non-government Defendants. The second is a motion to dismiss pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure filed by the United States. The Court will dispense with oral argument because the facts and legal contentions are adequately presented in the materials presently before the Court and argument would not aid in the decisional process. For the reasons stated herein, Plaintiffs' motion to reconsider is denied, the United States' motion to dismiss is granted, and Plaintiffs' motion for relief from judgment is denied.

**I.**

Plaintiffs were once the owners of real property situated at 180 Tabbs Choice Road

in White Stone, Virginia. In 2008, Plaintiffs' mortgage lender foreclosed on the property and sold it at auction. The IRS later redeemed the property to enforce a tax lien and ultimately sold it at auction. Plaintiffs' Complaint alleges numerous procedural defaults with the redemption and sale of the property, as well as other assorted violations of their constitutional rights. Plaintiffs seek monetary damages and reclamation of the property.

## II.

The Court will first address Plaintiffs' motion for reconsideration asking the Court to rescind its previous Order dismissing claims against Defendants John Wallin, Wanda Wallin, Elizabeth Atkinson, Pamela Faber, and Bank of Lancaster.

On March 25, 2010, Plaintiff's filed a "Voluntary Motion to Dismiss Counts II, III, and IV of the Plaintiff's Complaint Without Prejudice." Plaintiffs stated that their motion was made "under Rule 41(a)(2) of the Federal Rules of Civil Procedure." On May 11, 2010, the Court issued an Order informing Plaintiffs that Rule 41(a) speaks only to dismissal of "actions" and not individual counts of an action. In an effort to achieve the apparent objective sought by Plaintiff's motion, the Court stated that it would interpret Plaintiff's motion instead as a motion to dismiss the individual Plaintiffs and Bank of Lancaster as Defendants. This action did not affect Plaintiff's claims in Counts I or V in any way as they are both directed only at the United States.[1] This action would result in

---

[1] The sufficiency of a possible claim against Defendants John and Wanda Wallin in Count V is addressed below. *See infra*, n.3.

the United States being the sole remaining party to the suit and as the only Defendant in Counts II, III, and IV, to the extent they are relevant.

The Court further informed Plaintiffs that it was treating their motion as a Notice of Dismissal under Rule 41(a)(1). Rule 41(a)(1)(i) permits voluntary dismissal before the opposing party files an answer or a motion for summary judgment. This form of dismissal "is available as a matter of unconditional right, and is self-executing, i.e., it is effective at the moment the notice is filed with the clerk and no judicial approval is required." *Marex Titanic, Inc. v. The Wrecked and Abandoned Vessel*, 2 F.3d 544, 546 (4th Cir. 1993). Rule 41(a)(2) provides for voluntary dismissal after an answer or summary judgment motion is filed. 9 Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 2364 (3d ed. 2010). As no defendant had filed an answer or motion for summary judgment in the case, the Court considered the motion as a notice of voluntary dismissal. The Court could have alternatively granted Defendants motion under Rule 41(a)(2) against the identified defendants even though Plaintiff's request was more appropriate under Rule 41(a)(1)(i).

Plaintiff now wishes to resurrect claims against the dismissed Defendants. Plaintiffs present no basis for this request other than a statement in the Complaint asking the Court to allow Plaintiff to make additions, deletions, and amendments "as the plaintiffs find necessary according to the law and to obtain justice in the Courts." Plaintiffs are reminded that amendments to pleadings are governed by Rule 15 of the

3

Federal Rules of Civil Procedure, and a right to amend at-will cannot be reserved by a party. The Court will not subject Defendants to the ever-changing whims of the Plaintiffs. Plaintiffs requested dismissal of Counts II-IV. The Court worked to accommodate Plaintiffs' request to the extent permitted by the rules that govern this action. Plaintiffs are reminded that the dismissal was without prejudice, pursuant to their request. The motion to reconsider is denied.

## III.

The Court will now turn to the motion by the United States to dismiss Plaintiffs' Complaint pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure.

### A. Standard

Rule 8 of the Federal Rules of Civil Procedure provides that "a pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Traditionally, "[a] motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; . . . it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992). *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), amplified the standard, noting that, to survive a motion to dismiss, a complaint must contain sufficient factual information to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. While it does not

4

require "detailed factual allegations," *Twombly* held that Rule 8 of the Federal Rules of Civil Procedure does demand that a plaintiff provide more than mere labels and conclusions stating that the plaintiff is entitled to relief. *Id.* at 555. Thus, a complaint containing facts that are "merely consistent with" a defendant's liability "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* at 557. Rather, a complaint achieves facial plausibility when it contains sufficient factual allegations supporting the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* at 556; *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).

As Judge Niemeyer noted in *Francis v. Giacomelli*, 588 F.3d 186 (4th Cir. 2009), this analysis is context-specific and requires the "reviewing court to draw on its judicial experience and common sense." *Id.* at 193. The court also noted in *Giacomelli* that "naked assertions of wrongdoing necessitate some factual enhancement within the complaint to cross the line between possibility and plausibility of entitlement to relief." *Id.* (internal quotation marks omitted).

The Court is mindful that "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers . . . ." *Estelle v. Gamble*, 429 U.S. 97, 106, 97 S. Ct. 285, 292 (1976).

## B. Analysis

### 1. Count I

Count I of the Complaint is a claim under 26 U.S.C. § 7433 and alleges a violation

5

of Plaintiffs' due process and property rights. Section 7433 provides for a cause of action by a taxpayer in a case where an officer or employee of the IRS "recklessly or intentionally, or by reason of negligence, disregards any provision of this title, or any regulation promulgated under [Title 26]." 26 U.S.C. § 7433. The only remedy that Plaintiffs seek in Count I is to recover their home. Section 7433, however, provides only for monetary damages. *Id.* Additionally, Plaintiffs' claims for constitutional violations are precluded by the remedial scheme set forth in § 7433. *See Judicial Watch, Inc. v. Rossotti*, 317 F.3d 401, 412 (4th Cir. 2003). Accordingly, Plaintiffs have failed to state a claim upon which the relief they seek can be granted as to Count I.

### 2. Count III

Count III is an action under 42 U.S.C. §§ 1983, 1985, and 1986 alleging violation of Plaintiffs' constitutional rights.[2] With regard to Plaintiffs' first claim under § 1983, this section does not apply to federal actors. *Dowe v. Total Action Against Poverty in Roanoke Valley*, 145 F.3d 653, 658 (4th Cir. 1998).

Regarding Plaintiffs' claims under §§ 1985 and 1986, the United States did not address these claims in its motion to dismiss. However, because sovereign immunity raises a question of the jurisdiction of this court, the Court can raise sovereign immunity *sua sponte*. *Medina v. United States*, 259 F.3d 220, 223-24 (4th Cir. 2001). As a

---

[2]Although Plaintiffs do not state against whom Count III is directed, all Defendants other than the United States were previously dismissed from the case. *See supra*, Part II. Accordingly, the Court must construe this claim as only against the United States.

6

sovereign, the United States is immune from all suits against it absent an express waiver of its immunity. *United States v. Sherwood*, 312 U.S. 584, 586, 61 S. Ct. 767 (1941). The burden is on the plaintiff to show that a waiver of sovereign immunity exists and that no exceptions apply. *Williams v. United States*, 50 F.3d 299, 304 (4th Cir.1995). If the plaintiff fails to meet this burden, then the claim must be dismissed. *Medina*, 259 F.3d at 223. Plaintiffs have failed to allege any basis for waiver of sovereign immunity and have thus failed to meet their burden.

Accordingly, Count III is dismissed.

### 3. Count IV

Count IV is a claim for conspiracy to defraud under common law. The United States again asserts that Plaintiffs' claim is barred under sovereign immunity. Plaintiffs did not state a basis for a waiver of sovereign immunity as to this claim. Again, the burden is on the plaintiff to show that a waiver of sovereign immunity exists and that no exceptions apply. *Williams*, 50 F.3d at 304. Plaintiffs have failed to allege any basis for waiver of sovereign immunity and have thus failed to meet their burden. *Medina*, 259 F.3d at 223. Count IV is dismissed.

### 4. Count V

Count V is a quiet title action in which Plaintiffs argue that they are entitled to have the sale of the property set aside based on an allegedly invalid sale. Section 2410 of Title 28, United States Code, provides in relevant part that "the United States may be

named a party in any civil action or suit in any district court, or in any State court having jurisdiction of the subject matter– [] to quiet title to . . . real or personal property on which the United States has or claims a mortgage or other lien." The United States argues that the federal government does not have or claim a mortgage or other lien over the property and that this statute is therefore inapplicable. Additionally, as the other Defendants pointed out, the property was foreclosed on prior to the IRS redemption of the property. Plaintiffs no longer had an ownership interest in the property and thus lacked standing to bring the claim.[3] *See Armstrong v. United States*, 7 F. Supp. 2d 758 (W.D. Va. 1998). Count V is accordingly dismissed.

## IV.

Count II is a motion under Rule 60(b)(3) of the Federal Rules of Civil Procedure for relief from the dismissal of their previous case (3:09-cv-161-RLW). Plaintiffs state that the declaration of Anne Blaess, provided as an attachment to the United States' motion to dismiss, was a material misrepresentation to the Court and constituted a fraud on the Court. Blaess, an attorney with the U.S. Department of Justice, stated that the real property at issue in the case was sold by the IRS on March 9, 2009. Dkt. 3 Attach. 2, ¶ 2. As is clearly evident, however, this claim is without merit and should be denied.

First, the Blaess declaration supported the United States' argument that Plaintiff's

---

[3]The Court notes that, to the extent that Plaintiffs sought to bring this claim against Defendants John and Wanda Wallin, the claim would be dismissed for lack of Plaintiffs' standing, as well.

request for an injunction preventing sale of the house was moot as the house was already sold. Dkt. 3 at 1. Plaintiffs raised this same argument in their opposition brief to the motion to dismiss, wherein Plaintiffs stated that they were still in possession of the property despite the government's statements to the contrary. Dkt. 8, ¶ 25. Rule 60(b) may not be used to relitigate claims previously decided by a court. *CNF Constructors, Inc. v. Donohoe Constr. Co.*, 57 F.3d 395, 400 (4th Cir. 1995). Further, Judge Williams based his dismissal on lack of subject matter jurisdiction finding that sovereign immunity barred the suit. Judge Williams did not reach the mootness argument, although he stated in a footnote that it appeared to provide an alternative ground for dismissal. The alleged fraud on the Court would not serve a basis for relief from the dismissal for lack of subject matter jurisdiction. Plaintiffs' motion is therefore denied.

## V.

In summary, Counts I, IV, and V are dismissed for failure to state a claim upon which relief can be granted. Count III is dismissed in-part for failure to state a claim and dismissed in-part for lack of subject matter jurisdiction. The motion for relief from judgment in Count II is denied.

An appropriate Order will accompany this Memorandum Opinion.

/s/
Henry E. Hudson
United States District Judge

Date: June 15, 2010
Richmond, VA

9